UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JAMAL **DAVIS**,

                                                                                                                                    04 CV 9195 (RPP)

                                                Plaintiff,

                                                                                    **ANSWER**

        -against-

**KIRKPATRICK & LOCKHART LLP,**

                                              Defendant.
------------------------------------------------------------------x

      Defendant Kirkpatrick & Lockhart LLP (renamed Kirkpatrick & Lockhart Nicholson Graham LLP effective January 1, 2005) ["K&L"] responds to the Verified Complaint ["Complaint"] of plaintiff Jamal Davis as follows:

      1. Denies paragraph 1, except admits that plaintiff purports to bring this action under the statutes cited therein for alleged employment discrimination.

      2. Denies paragraph 2, except admits that plaintiff seeks the relief stated therein.

      3. Denies paragraph 3, and declines to respond to matters of law.

      4. Denies paragraph 4, and declines to respond to matters of law.

      5. Denies paragraph 5, except admits that K&L conducts business in the Southern District of New York and that events relating to plaintiff's employment by K&L occurred in this District, and declines to respond to matters of law.

      6. Denies paragraph 6, and declines to respond to matters of law.

      7. Denies paragraph 7, except admits that plaintiff purports to seek to invoke the Court's supplemental jurisdiction (referred to by plaintiff as "pendent jurisdiction"), and declines to respond to matters of law.

8. Denies knowledge and information sufficient to respond to paragraph 8, except declines to respond to matters of law.

9. Denies paragraph 9, except admits that K&L advised plaintiff on February 28, 2003 that his employment was being terminated; and on information and belief that plaintiff thereafter filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission in December 2003, and declines to respond to matters of law.

10. Denies knowledge or information sufficient to respond to paragraph 10, except declines to respond to matters of law.

11. Denies paragraph 11, except admits that plaintiff was employed by K&L from June 2000 to May 2003, that plaintiff is an African-American male and that he resided in New York City during his employment with K&L, and declines to responds to matters of law.

12. Denies paragraph 12, except admits that K&L has approximately 925 lawyers in 11 offices in the United States and also in the United Kingdom, including an office in New York City, located at 599 Lexington Avenue, New York, NY 10022 with approximately 90 lawyers. By way of further response, K&L does not employ more than 500 employees in New York.

13. Denies paragraph 13, except admits that K&L has more than 500 employees, and declines to respond to matters of law.

14. Responding to paragraph 14, admits plaintiff is an African-American male, and declines to respond as to matters of law.

15. Admits paragraph 15.

16. Denies paragraph 16, except admits that K&L believed that plaintiff was qualified for employment when he was hired.

17. Denies paragraph 17.

18. Denies paragraph 18.

19. Denies paragraph 19, except admits that K&L advised plaintiff on February 28, 2003 that his employment was being terminated.

20. Denies paragraph 20.

21. Denies paragraph 21.

22. Denies paragraph 22.

23. Denies paragraph 23.

24. Denies paragraph 24.

25. Repeats its responses to the paragraphs re-alleged in paragraph 25.

26. Denies paragraph 26.

27. Denies paragraph 27.

28. Denies paragraph 28.

29. Repeats its responses to the paragraphs re-alleged in paragraph 29.

30. Denies paragraph 30.

31. Denies paragraph 31.

32. Denies paragraph 32.

33. Repeats its responses to the paragraphs re-alleged in paragraph 33.

34. Denies paragraph 34.

35. Denies paragraph 35.

36. Denies paragraph 36.

37. Denies paragraph 37.

**FIRST AFFIRMATIVE DEFENSE**

38. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

39. K&L has an established, well-known, publicized and enforced policy against unlawful discrimination, including discrimination based upon a person's race, color or national origin. K&L had and has employees who are members of racial minorities, including persons of African lineage, and had and has such employees in the same position as plaintiff previously held. K&L adhered to its anti-discrimination policy in its dealings with and about plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

40. K&L is committed to the goal of diversity in its workplace. In furtherance of that goal, K&L was one of the first if not the first law firm to retain amongst its chief officers a full-time Chief Diversity Officer, Carl G. Cooper, Esq.; has made clear its commitment to a diverse workplace through its diversity initiative; and has a long-standing policy against unlawful discrimination of any kind. The firm seeks to promote and not discourage diversity. Consistent with these firm goals and policies, the decision to terminate plaintiff's employment was related to his unsatisfactory job performance and not to his race, color or national origin as alleged in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

41. Plaintiff was terminated for legitimate non-discriminatory business reasons. Plaintiff failed to perform at the level required for the position for which he was hired and/or was unqualified for that position.

**FIFTH AFFIRMATIVE DEFENSE**

42. K&L acted, at all times, in good faith vis-à-vis plaintiff, and without any intent to harm or injure plaintiff or otherwise to treat plaintiff in any improper manner.

**SIXTH AFFIRMATIVE DEFENSE**

43. Plaintiff has improperly failed to mitigate his alleged damages.

**WHEREFORE**, defendant respectfully request judgment in its favor:

1. dismissing the Complaint;

2. awarding it the costs and disbursements of this action; and

3. awarding it such other and further relief as the Court may deem just and proper.

Dated: February 1, 2005
New York, New York

POLLACK & KAMINSKY

By:   /s/ Martin I. Kaminsky
        Martin I. Kaminsky (MK 3033)
        Justin Y.K. Chu (JC 7810)
114 West 47th Street
New York, New York 10036
        Tel. (212) 575-4700
        Fax (212) 675-6560
Attorneys for Defendant