UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x    04 CV 9195 (RPP)
JAMAL DAVIS,

                            Plaintiff,

                                                                **NOTICE OF MOTION**

      -against-

KIRKPATRICK & LOCKHART, LLP,

                           Defendant.
-------------------------------------------------------------x

      **PLEASE TAKE NOTICE** that, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and upon the annexed plaintiff's memorandum of law in support of his motion and the accompanying exhibits thereof, Plaintiff will move this court, at the United States District Court, Southern District of New York, located at 60 Center Street, New York, NY 10007, before the Honorable Judge Robert P. Patterson, United States District Judge, on a date and time to be designated by the court, for an Order permitting Plaintiff to amend his Complaint by:

1. **Substituting the Amended Complaint annexed herewith as Exhibit 2, for the original Complaint annexed herewith as Exhibit 1.**

Dated: Brooklyn, New York
       May 11, 2005

By:  /s/Gary N. Rawlins(GR2049)
       Chidi Eze (CE-4333), of counsel
       310 Livingston Street
       Brooklyn, New York
       (718) 855 3005

To:   Martin Kamisky (MK 3033)
      Justin Y.K. Chu (JC 7810)
      Pollack & Kaminsky
      114 West 47 Street th
      New York, NY 10036

## CERTIFICATE OF SERVICE

      Chidi Eze, an attorney admitted to practice in the United States District Court for the Southern District of New York and in the State of New York, certifies under penalty of law that the within plaintiff's Notice of Motion, the Memorandum of Law in Support of the Motion and all accompanying exhibits were served on the defendant on May 11, 2005, by depositing same in a United States Postal Service depository and addressed with a first class mail to the defendant's attorney's offices at the following address:

Martin Kamisky (MK 3033)
Justin Y.K. Chu (JC 7810)
Pollack & Kaminsky
114 West 47th Street
New York, NY 10036

Dated: Brooklyn, New York
      May 11, 2005

By: /s/ Chidi Eze(CE-43333)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x          04 CV 9195 (RPP)
JAMAL DAVIS,
                Plaintiff,          **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

          -against-

KIRKPATRICK & LOCKHART, LLP,

               Defendant.
-------------------------------------------------------------x

      Plaintiff, by and through his attorney, Gary Rawlins, Esq., submits the following as his memorandum of law in support of his motion for leave to amended his Complaint;

Procedural Background

      1.      Plaintiff filed a Complaint on or about November 19, 2004 (annexed hereto as Exhibit 1). The defendant filed an Answer on or about February 1, 2005. Written discovery is still in the early stages and oral depositions have not been scheduled.

      2.      On or about April 6, 2005, plaintiff retained the undersigned co-counsel, who reviewed the original pleading, and decided it was necessary to amend it, because the allegations contained in the body of the original Complaint were not reflected and amplified as separate causes of action.  Consequently, the proposed amendment contains more causes of action than the original complaint but does not raise any new legal issues. The amended Complaint is annexed here as Exhibit 2.

      3.      On or about April 25, 2005, defendant's counsel was forwarded the proposed Amended Complaint with a request to stipulate to the proposed amendment, but that request was denied on or about May 2, 2005.

<u>Legal Standard</u>

4.     Rule 15(a) of the Federal Rules of Civil Procedure provides that a party can apply for leave of the Court to amend his pleadings after issues have been joined and "leave shall be freely given when justice requires." The 11th Circuit has stated that Courts should routinely grant application for leave to amend pleadings under rule 15, unless "substantial reason" exists not to grant leave. <u>Motorcity of Jacksonville v. South East Bank, N.A., 83 F.3d 1317 (11th Cir. 1996)</u>. Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. <u>Forman v. Davis 371 U.S. 178, 182; 83 S.Ct. 227, 230 (1962)</u>. Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a); <u>Wanton v Mental Health Ass'n, 168 F.3d 661, 665 (3rd Cir. 1999)</u>.

The Proposed Amendment is Appropriate and Necessary

5.     The proposed amendment essentially lists as separate causes of action the individual allegations already contained in the body of the Complaint. The amendment merely clarifies and corrects allegations made in the original pleadings and is not likely to surprise the other party. For example, plaintiff made factual allegations of a hostile work environment in the body of his original Complaint, but did not to plead same as a separate and independent cause of action. This adjustment is necessary because it allows plaintiff to clearly set forth the hostile work environment claim for jury consideration.  Likewise, the other amplified causes of action contained in the proposed Amended Complaint will make the trial process and the issues at stake more comprehensible. Plaintiff's factual allegations will not receive the necessary weight as separate issues to be decided at trial if those allegations are not separately pleaded and listed individually as separate causes of action. A review of the proposed amended complaint

reveals that the factual allegations remain unchanged.

### Defendant Is Not Prejudiced By Changes In Complaint

6.     The amendment did not raise any new issues of law. However, even if it did, no unfair prejudice exists simply because a party has to defend against new or better pleaded claims. See, Busam Motor Sales v. Ford Motor Co. 203 F.3d 469, 472 (6th Cir. 1953) which held that Rule 15 amendment is not barred simply because it raises new issues of law.

7.     Further, the parties are currently in the middle of the written discovery process stage in this case, none of the parties has conducted oral depositions yet. The proposed amendment will not affect the progress of the case, nor will it have any impact on the written discovery process in this case.

### There Exist No Undue Delay

8.     There has been no prior request for amendment of the complaint in this case. As stated earlier, the Complaint was filed on November 19, 2004, approximately five months ago and within a reasonable time to discover and correct defects in one's pleadings.

### Conclusion

9.     For the foregoing reasons, plaintiff respectfully requests the Court to grant his Motion for leave to amend his Complaint as attached, and deeming the Amended Complaint served upon the defendant timely filed and served.

          Respectfully Submitted
          GARY N. RAWLINS, ESQ. (GR2049)

By____/s/ Chidi Eze_____
     Chidi Eze, Esq. (CE-4333) of Counsel
     310 Livingston Street
     Brooklyn, NY 11217
     (718) 855 3005

3