UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JAMAL DAVIS,                                                              Index No.
                          Plaintiff,

                                                        **VERIFIED COMPLAINT**
                                                        Jury Trial Demanded
                                                        Pursuant to F.C.R.P. 38(B)

        -against-

KIRKPATRICK & LOCKHART LLP,
                                Defendant.
--------------------------------------------------------X

       Plaintiff, JAMAL DAVIS (hereinafter "plaintiff"), by his attorney, **GARY N. RAWLINS**, **ESQ.** complaining of defendant, KIRKPATRICK & LOCKHART LLP (hereinafter referred to as "defendant"), alleges as follows:

### I.    NATURE OF THE ACTION

       1.    Plaintiff brings this action to remedy discrimination on the basis of race, color and national origin in the terms, conditions, and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e *et seq.* (hereinafter referred to as "Title VII"), the Civil Rights Act of 1866, 42 U.S.C. 1981 (hereinafter referred to as "§1981"), the New York State Human Rights Law, Executive Law §290 *et seq.* (hereinafter referred to as "Human Rights Law"), and the New York City Civil Rights Law (hereinafter referred to as "City Law").

2. Plaintiff seeks injunctive and declaratory relief, compensatory and punitive damages, and other appropriate legal and equitable relief pursuant to Title VII, §1981, Human Rights Law, and the City Law, as well as further relief as this court deems equitable and just.

## II. JURISDICTION AND VENUE

3. This court's jurisdiction is established pursuant to Title VII, 42 U.S.C. §§2000e-5(f)(3) and 42 U.S.C. §1981.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this court's jurisdiction are based on the court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear related state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims brought under the Human Rights Law and the City Law.

5. As the unlawful employment practices complained of herein occurred within the Southern District of New York and defendant conducts business within this District, venue is proper in this District pursuant to 28 U.S.C. §1391 (a), (b) and (c).

6. Jurisdiction is conferred upon this court by 28 U.S.C. § 1331, 1343(3) and (4) and 42 U.S.C. § 2000e-5(f)(3), this being an action seeking redress for the violation of plaintiff's federal constitutional, civil and statutory

rights. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. § 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

7. Plaintiff further invokes this court's pendent jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case and controversy.

### III. SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

8. Plaintiff has complied with all the procedural prerequisites required by law prior to initiating this action.

9. On May 30, 2004 defendant terminated plaintiff's employment based on his race and/or color. On or about December 22, 2003, plaintiff filed a discrimination charge against defendant with the United States Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"). The charge was timely filed pursuant to Title VII, §2000e-5(e).

10. Plaintiff received a Notice of Suit Rights Letter from the EEOC on August 27, 2004. This Complaint has been filed within ninety days of the receipt by plaintiff of the "right to sue" letter. In all respects, plaintiff has complied with all procedural requirements and has timely filed this action.

## IV.  THE PARTIES

11.    Plaintiff is an adult, black, African-American male who at all relevant times was a resident within the City and State of New York.  At all relevant times hereinafter mentioned plaintiff was an employee of defendant within the meaning of Title VII, the Human Rights Law, and the City Law.  At all relevant times hereinafter mentioned plaintiff performed his duties and tasks in a reasonable, satisfactory, and efficient manner.

12.    KIRKPATRICK & LOCKHART LLP is a general practice law firm based in Pittsburgh, Pennsylvania.  KIRKPATRICK & LOCKHART LLP has approximately 800 lawyers in ten offices located around the country, including an office in New York City, which is located at 599 Lexington Avenue, New York, NY 10022, with approximately 90 lawyers.

13.    Defendant is an employer within the meaning of Title VII, the Human Rights Law, and the City Law, and at all relevant times employed and still employs more than five hundred (500) employees.  Defendant was and still is, by virtue of the aforementioned laws, prohibited from discriminating in employment decisions on the basis of race and/or color.  Plaintiff was and is, by virtue of said laws, protected against discrimination in employment on the basis of race and/or color, in that plaintiff is a "Black" person (African-American), thus by virtue is a member of a protected and recognized minority category.

V. <u>FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

14. Plaintiff is a black African-American male, hence plaintiff is a member of a protected class.

15. On or about June 2000, defendant hired plaintiff to work as an associate attorney in its corporate legal department in New York, New York.

16. Through experience and education, plaintiff was well qualified for his position when hired by defendant.

17. Plaintiff was discriminated against by defendant during the course of his employment in that plaintiff was refused certain work assignments and salary raises for which plaintiff was otherwise qualified.

18. Defendant discriminated against plaintiff during the course of his employment in that defendant treated Caucasian or light-skinned employees who were similarly situated and those who were less qualified than plaintiff preferentially.

19. On May 30, 2003, defendant unlawfully discharged plaintiff on the basis of plaintiff's race, color and national origin.

20. Defendant discriminated against plaintiff in that plaintiff was not promoted in the same manner as Caucasian or light-skinned associates of similar background, abilities, skills, and performance qualifications.

21. Defendant discriminated against plaintiff in that plaintiff, though well qualified, received a lower level of compensation than that given to Caucasian or

5

light-skinned associates of plaintiff's class who had comparable abilities, skills, qualifications and experience.

22. Defendant discriminated against plaintiff by failing to provide plaintiff with the same opportunities to advance in the firm as those afforded to Caucasian or light-skinned associates.

23. Defendant, by and through its agents, discriminated against plaintiff by routinely excluding plaintiff from work activities and functions necessary to the advancement of an associate at the firm, thus adversely affecting plaintiff's career at KIRKPATRICK & LOCKHART LLP.

24. Defendant regularly practices discrimination against African-Americans by regularly applying different and higher standards of recruitment and higher performance criteria to African-American lawyers than it uses for Caucasian or light-skinned lawyers.

## FIRST CAUSE OF ACTION
### TITLE VII AND § 1981 DISCRIMINATION

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24 of this Complaint with the same force and effect as if set forth herein.

26. By the acts and practices described herein, defendant has discriminated against plaintiff in the terms and conditions of his employment on the basis of plaintiff's race, color and national origin in violation of Title VII and §1981.

6

27. In taking the above-described discriminatory actions, defendant acted with malice and/or reckless indifference to plaintiff's rights under Title VII and §1981.

28. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer irreparable injury, emotional distress, and other monetary damages.

## SECOND CAUSE OF ACTION
### HUMAN RIGHTS LAW DISCRIMINATION

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 28 of this Complaint with the same force and effect as if set forth herein.

30. By the acts and practices described herein, defendant has discriminated against plaintiff in the terms and conditions of his employment on the basis of plaintiff's race, color and national origin in violation of the Human Rights Law.

31. In taking the above-described discriminatory actions, defendant acted with malice and/or reckless indifference to plaintiff's rights under the Human Rights Law.

32. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer irreparable injury, emotional distress, and other monetary damages.

## THIRD CAUSE OF ACTION
### CITY LAW DISCRIMINATION

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 32 of this Complaint with the same force and effect as if set forth herein.

34. By the acts and practices described herein, defendant has discriminated against plaintiff in the terms and conditions of his employment on the basis of plaintiff's race, color and national origin in violation of the City Law.

35. In taking the above-described discriminatory actions, defendant acted with malice and/or reckless indifference to plaintiff's rights under the City Law.

36. As a result of defendants' discriminatory acts, plaintiff has suffered and will continue to suffer irreparable injury, emotional distress, and other monetary damages.

## VI. PRAYER FOR RELIEF

37. WHEREFORE, plaintiff respectfully requests that this court enter a judgment as follows:

   (a) declaring that the acts and practices described in this Complaint are in violation of Title VII, §1981, the Human Rights Law and the City Law;

   (b) enjoining and permanently restraining these violations of Title VII, §1981, the Human Rights Law and the City Law;

   (c) directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful

employment practices are eliminated and do not continue to affect plaintiff's or any other person's employment opportunities;

(d) directing defendant to reinstate plaintiff or if reinstatement is not possible, to award plaintiff front pay, including, but not limited to, wages, bonuses, and other lost benefits;

(e) directing defendant to pay plaintiff an additional amount as compensatory damages for plaintiff's pain and suffering;

(f) directing defendant to pay plaintiff an additional amount as punitive damages for injuries suffered by plaintiff by reason of defendant's willful and/or reckless conduct that has and continues to cause his extreme mental anguish and emotional distress, deprivation of his liberty, humiliation, shame, indignity, as well as the loss of his employment with defendant in the amount of TEN MILLION ($10,000,000.00) DOLLARS ;

(g) awarding plaintiff such interest as is allowed by law;

(h) awarding plaintiff reasonable attorneys' fees and costs; and

(i) granting such other and further relief as this court deems necessary and proper.

VII.  DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated:   Brooklyn, New York
         November 19, 2004

Respectfully Submitted,

/s_____
Gary N. Rawlins, Esq.
Attorney for Plaintiff
Jamal Davis
310 Livingston Street
Brooklyn, New York 11217
718-855-3005

## PLAINTIFF'S VERIFICATION

STATE OF NEW YORK        )
                         )ss.:
COUNTY OF NEW YORK  )

    **JAMAL DAVIS**, being duly sworn, says:

    I am a Plaintiff in the action herein:  I have read the annexed

### COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

DATED:    New York, New York
               November 19, 2004

                                          /s_____
                                          **JAMAL DAVIS**

Sworn to before me this
   day of _____ 2004

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-
     Notary Public