UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x    Index No.: 04-CV-9194 (RPP)
JAMAL DAVIS,

                            Plaintiff,        **AFFIRMATION IN SUPPORT**
                                                               **OF MOTION TO COMPEL**

    -against-

KIRKPATRICK & LOCKHART LLP,


                            Defendant.
-----------------------------------------------------------------x

      Chidi Eze, Esq., an attorney at law, duly admitted to practice law before this Court, affirms the following to be true under the penalties of perjury:

      I am a Co-Counsel for the plaintiff, Jamal Davis, and as such I am fully familiar with the facts and circumstances of this action, based upon conversations with my client, information and belief, and the file maintained by my office.

      That I make this affirmation in support of Plaintiff's motion for an Order of this Court to compel the defendant to make adequate responses to Plaintiff's discovery request, or in the alternative, to preclude the defendant from testifying at the time of trial and to preclude the introduction of any evidence or witness to controvert or in support of their affirmative Defenses, based on their repeated failure to make the following disclosure.

      Plaintiff brought this action by filing a Complaint on November 19, 2004 against the Defendant for hostile work environment and discriminatory employment practices based on race.

      On March 24, 2005, Plaintiff served Interrogatories and documents requests on the Defendant. On April 29, 2005 the Defendant served objections to the following discovery

1

requests: **Document Request No. 3** - All documents contained in the personnel files of Matthew Diddy, William McLoughlin, Betty Louie, Julius Johnston, Barry Gilman, Elliot Choy, Adam Michael, Kim Wexelman, Sandir Kakar, and Cecila Kaiser, including, but not limited to all documents referring to or relating to their hiring or rehiring(s), termination(s), promotion, demotion, transfer, job titles, compensations and benefits; **Document Request No 4** - Copies of all pay stubs, pay checks, pay reports, W-2 forms, and all other documents which in any way relate to the amount of compensation received by the employees identified in request "3", weekly, biweekly, monthly, quarterly and annually from the date of hire, until present; **Interrogatory No. 6** - For each year of employment with the defendant from June 1, 2000 to February 27, 2003, please state the salaries paid to and the hours billed by: Matthew Diddy, Christopher Lewis, William McLoughlin, Barry Gilman, Julius Johnston and Betty Louie. Further identify any and all documents that contain said information.

The responses to Plaintiff's Document Requests Nos 3 and 4, and Interrogatory No. 6, which also includes the requests itself, are annexed here as Exhibit "3".

Because the Defendant's objections are unfounded, the Court should Compel said Defendant to respond to the above discovery requests from Plaintiff.

On May 20, 2005, Plaintiff wrote to the defense counsel requesting full responses to the above-stated discovery requests, in a good-faith effort to resolve the dispute without the Court's intervention, as required by FRCP 37(a)(2)(B). However, in a letter dated June 14, 2005, the defense counsel renewed the defendant's objection to the requests, thus despite reasonable effort by the Plaintiff, the issue was not resolved. Both letters are annexed hereto as Exhibit "1"and "2" respectively.

### Argument

The Court may compel responses to discovery if a party does not respond to a request for production and inspection submitted under Rule 34. Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case. FRCP 26(b). Information is discoverable if it appears "reasonably calculated to lead to the discovery o admissible evidence." Id.

### The Disclosure Sought is Material and Necessary

The Court should grant Plaintiff's motion to compel if the discovery sought is material and necessary in the prosecution of this particular action. The Defendant asserted that the information responsive to Plaintiff's Document Requests Nos 3 and 4, and Interrogatory No. 6, are not discoverable because they are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's claims include discriminatory employment and compensation practices, and requests made in Document Requests Nos 3 and 4, and Interrogatory No., which elicit information on the benefits and remuneration of similarly situated White employees, are particularly essential in the prosecution of this case to show or rule out disparate and discriminatory employment and compensation practice by the defendant. Those request, are therefore within the scope of discovery permitted by Rule 26(b) and necessary in this litigation. As previously stated, your affirmant has made good faith efforts to resolve this dispute, both in writing and orally, but to no avail.

### Request for Penalties

In light of the foregoing, Plaintiff asks that the Court sanctions the defendant for willfully

refusing to comply with said discovery requests. Fed. R. Civ. P. 37(a)(4)(A). Plaintiff respectfully asks the Court to award costs and attorney fees in preparing the within motion to compel.

It is clear that the defendant's actions are calculated to frustrate the ability of plaintiffs to judicially prosecute this case and seek justice from the Court. The actions of the defendants are willful and wanton and done in total disregard of the plaintiffs rights to seek redress for the wrong done to him through the court system as required by law. As a result of the actions of the defendant complained of in the within document, plaintiff has been damaged financially, and therefore, seek monetary penalties to compensate him for the attorney fees incurred in making this motion to compel and such other relief as the court may deem just and proper.

The sanction requested is the least severe sanction available to meet the wrong complained of herein.

## **Conclusion**

Plaintiff brought this motion to compel the defendant to respond to his Document Requests Nos 3 and 4, which seek reasonable information necessary to properly prosecute his employment discrimination claims, and because the defendant refused to comply with the rules, the court should compel said defendant to respond adequately and should award Plaintiff sanctions associated with obtaining compliance with the rules.

**WHEREFORE**, your affirmant respectfully requests an Order compelling the defendant to respond to plaintiffs written requests fully and satisfactorily within five days of this court's Order, or, in the alternative precluding the defendant from introducing any witnesses or materials in support of its defense or to controvert plaintiff's testimony at the time of trial, on the

compensation of similarly situated White employees, and granting plaintiffs monetary penalties and such other reliefs as this court deems just and proper.

Dated: Brooklyn, New York
       June 22, 2005

                                              Respectfully Submitted
                                              GARY N. RAWLINS, ESQ.

                                      By_____
                                              Chidi Eze, Esq. (CE-4333)
                                              Plaintiff's Attorney
                                              310 Livingston Street
                                              Brooklyn, NY 11217
                                              718 855 3005