UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JAMAL DAVIS,                                                    Index No.: 04-CV-9195 (RPP)

                                    Plaintiff,         **AMENDED COMPLAINT**

                                                       **DEMAND FOR JURY TRIAL**

        -against-

KIRKPATRICK & LOCKHART LLP,


                                    Defendant.
-----------------------------------------------------------------x

        Plaintiff JAMAL DAVIS (hereinafter "plaintiff") by his Attorney, GARY N. RAWLINS,

ESQ., complaining of defendant, KIRKPATRICK & LOCKHART  LLP (hereinafter referred to

as "Defendant"), alleges as follows:

                            **NATURE OF ACTION**

1.      This is an action at law to redress discriminatory employment practices based on race and

        National Origin pursuant Title VII of the Civil Rights Act of 1964, as amended , 42

        U.S.C. §2000e et seq.; the Civil Rights Act of 1866, as amended 42 U.S.C. §1981, the

        New York State Executive Law (Human Rights Law) §296; and the Administrative Code

        of the City of New York, §§8-107.1(a) et seq., and the Common Law Tortious

        Interference with Contractual Relations.


2.      Plaintiff seeks injunctive and declaratory relief, compensatory and other equitable relief

        pursuant to the Civil Rights Act of 1964 the Civil Rights Act of 1866 New York State

        Executive Law, the New York City Administrative Code and the Common Law.

1

## JURISDICTION AND VENUE

3.     Jurisdiction is specifically conferred on the United States District Court by 28

U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and

by 28 U.S.C. § 1343(a)(3)

4.     The events, parties, transactions and injuries that form the basis of Plaintiff's

Federal claims are identical to the events, parties, transactions and injuries that form the

basis of Plaintiff's claims under New York State Executive Law § 296 (Human Rights

Law) and the New York City Administrative Code

5.     The unlawful employment practices alleged in this complaint were committed in

the Southern District of New York and venue is proper in this District pursuant to 28

U.S.C. § 1391 (b) and (c).


## PARTIES

6.     At all times relevant and material to this case, Plaintiff is an adult, black, male who

resided in the County of New York, City and State of New York. At all relevant and

material to this case, plaintiff was employed by defendant within the meaning of Title IV,

the Human Rights Law and the City Code. At all relevant times, plaintiff performed his

duties and tasks competently, satisfactorily and efficiently.

7.     At all times relevant and material to this case, Kirkpatrick & Lockhart LLP was a general

law firm, and was a Corporation organized under the laws of one of the States of the

United States and was authorized to do business in the State of New York and was doing

business at 599 Lexington Avenue, New York, New York 10022.

2

8.      At all times relevant and material to this case, Kirkpatrick & Lockhart LLP was engaged in business affecting commerce and was an 'employer' within the meaning of the New York State Human Rights Law and the New York City Administrative Code §§8-107.1(a) et seq., and at all relevant times employed and still employs more than 500 employees.

9.      At all times relevant Kirkpatrick & Lockhard LLP was vicariously liable for the actions of the individual employees complained of herein under the common law principal-agent/*respondeat superior* rule.


**<u>FULFILLMENT OF ADMINISTRATIVE PREREQUISITES</u>**

10.     Before the institution of this action, Plaintiff served a copy of the complaint on the New York City Corporation Counsel's Office as well as on the New York City Commission on Human Rights in accordance with the requirements of the Administrative Code of the City of New York § 8-502©.

11.     Plaintiff timely filed a charge of discrimination against the Defendants with the Equal Employment Opportunity Commission "EEOC" within three hundred days of the last act of discrimination complained of, herein, in accordance with the requirements of the Civil Rights Act of 1964.

12.     Plaintiff received a "Notice of Right to Sue" from the EEOC on August 27, 2004 (attached), and this action is filed within ninety days of receipt of the Notice of Right to Sue. All conditions precedent for the filing of this action have been complied with.

## FACTUAL ALLEGATIONS

13.   Jamal Davis, a black African-American male, was hired as associate attorney in defendant's corporate legal department in New York City on or about June 2000.

14.   Through experience and education, plaintiff was well qualified for the position when hired by defendant, and discharged his duties diligently and professionally. Plaintiff was exemplary worker,

15.   Plaintiff was subjected to discriminatory employment practices by defendant during the course of his employment in that he was refused certain work assignments that were regularly offered to white employees of equal or lesser skills and experience.

16.   Plaintiff was refused salary raises and promotion for which he regularly requested, while same was regularly offered to white employees of equal or lesser skills and experience.

17.   Plaintiff was always denied invitation to staff meeting, while White employees of equal or lesser skills and experience, were regularly invited to those meetings.

18.   Upon information and belief, the Defendant hired White employees while at the same time discharging the black employees.

19.   Defendant compensated plaintiff at a rate that was less than the rate at which it compensated White employees for equal work on jobs requiring equal skills, effort and responsibility, and performed under similar working conditions.

20.   Defendant failed to provide plaintiff with the same opportunities to advance in the firm and repeated excluded from work activities and functions necessary to the advancement of an associate at the firm, while providing same to White employees of equal or lesser

skills, for job requiring equal skills, effort and responsibility, and performed under similar working conditions.

21. Defendant failed to train plaintiff while constantly providing in-job training to White employees of equal or lesser skills, for job requiring equal skills, effort and responsibility, and performed under similar working conditions.

22. Defendant repeatedly subjected plaintiff and other black employees to a disparage treatment in that it applied different and higher standards of recruitment and job performance criteria to blacks than it applied to Whites.

23. Defendant subjected plaintiff and its other black employees to a hostile work environment when it treated them like second-class employees and allowed its White employees to treat them in a condescending manner.

24. Plaintiff and other black employees regularly complained of the discriminatory treatment complained of herein to the management of Kirkpatrick & Lockhard LLP, however, the firm did nothing about it, leading to the termination of plaintiff on May 30, 2004.

25. Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

26. The conduct of defendant was outrageous and malicious, was intended to injure plaintiff, and was done with conscious disregard of plaintiff's civil rights, entitling plaintiff to an award of punitive damages.

27. As a proximate result of defendant actions complained of herein plaintiff has suffered and continues to suffer substantial losses, including past and future earnings, bonuses, deferred compensation, and other employment benefits. He has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental

and consequential damages and expenses..

### FOR A FIRST CAUSE OF ACTION

28.    Plaintiff repeats and re-alleges paragraphs 1 through 27 as if each paragraph is repeated verbatim herein.

29.    Plaintiff was discriminated at work and subjected to a hostile work environment on account of his **race** in violation of Title VII of the Civil Rights Act of 1964, as amended , 42 U.S.C. §2000e et seq.

### AND AS FOR A SECOND CAUSE OF ACTION

30.    Plaintiff repeats and re-alleges paragraphs 1 through 29 as if each paragraph is repeated verbatim herein.

31.    Plaintiff was discriminated at work and subjected to a hostile work environment on account of his **race** in violation of the Civil Rights Act of 1866, as amended 42 U.S.C. §1981.

### AND AS FOR A THIRD CAUSE OF ACTION

32.    Plaintiff repeats and re-alleges paragraphs 1 through 31 as if each paragraph is repeated verbatim herein.

33.    Plaintiff was discriminated at work and subjected to a hostile work environment on account of his **race** in violation of Administrative Code of the City of New York, §§ 8-107.1(a) et seq.

### AND AS FOR A FOURTH CAUSE OF ACTION

34.    Plaintiff repeats and re-alleges paragraphs 1 through 33 as if each paragraph is repeated verbatim herein.

6

35.    Plaintiff was discriminated at work and subjected to a hostile work environment on
account of his **race** in violation of New York State Executive Law §296 (Human Rights
Law).

### AND AS FOR A FIFTH CAUSE OF ACTION

36.    Plaintiff repeats and re-alleges paragraphs 1 through 35 as if each paragraph is repeated
verbatim herein.

37.    Defendant Company violated Title VII of the Civil Rights Act of 1964, as amended , 42
U.S.C. §2000e et seq. by intentionally failing and refusing to **promote** plaintiff while
promoting similarly situated White employees, on account of his race.

### AND AS FOR A SIXTH CAUSE OF ACTION

38.    Plaintiff repeats and re-alleges paragraphs 1 through 37 as if each paragraph is repeated
verbatim herein.

39.    Defendant Company violated the New York Labor Law, Article 6 by intentionally failing
and refusing to **promote** plaintiff while promoting similarly situated White employees, on
account of his race

### FOR A SEVENTH CAUSE OF ACTION

40.    Plaintiff repeats and re-alleges paragraphs 1 through 39 as if each paragraph is repeated
verbatim herein.

41.    The Defendants failed to promote Plaintiff who was similarly, and in some cases
more, qualified than the White individuals who were promoted to a higher pay in
violation of the Administrative Code of the City of New York, § § 8-107.1(a) et seq., and

the New York State Executive Law (Human Rights Law) § 296

## AND AS FOR AN EIGHTH CAUSE OF ACTION

42.    Plaintiff repeats and re-alleges paragraphs 1 through 41 as if each paragraph is repeated

verbatim herein.

43.    The Defendant discriminated against Plaintiff on account of his race when it paid him

significantly less than White employees for equal work on jobs requiring equal skills,

effort and responsibility, and performed under similar working situation in violation of

Title VII of the Civil Rights Act of 1964, as amended , 42 U.S.C. §2000e et seq.

## AND AS FOR A NINTH CAUSE OF ACTION

44.    Plaintiff repeats and re-alleges paragraphs 1 through 43 as if each paragraph is repeated

verbatim herein.

45.    The Defendant discriminated against Plaintiff on account of his race when they paid him

significantly less than White employees for equal work on jobs requiring equal skills,

effort and responsibility, and performed under similar working situation in violation of

the Administrative Code of the City of New York, § § 8-107.1(a) et seq., and the New

York State Executive Law §296 (Human Rights Law).

## AND AS FOR A TENTH CAUSE OF ACTION

46.    Plaintiff repeats and re-alleges paragraphs 1 through 45 as if each is repeated

verbatim herein.

47.    Defendant discharged plaintiff from his employment on account of his race in violation of
Title VII of the Civil Rights Act of 1964, as amended , 42 U.S.C. §2000e et seq., and the
Civil Rights Act of 1866, as amended 42 U.S.C. §1981.


## AND AS FOR AN ELEVENTH CAUSE OF ACTION

48.    Plaintiff repeats and re-alleges paragraphs 1 through 47 as if each paragraph is
repeated verbatim herein.

49.    Defendant discharged plaintiff from his employment on account of his race in violation of
the Administrative Code of the City of New York, § § 8-107.1(a) et seq., and the New
York State Executive Law §296 (Human Rights Law).

.


## AND AS FOR AN TWELFTH CAUSE OF ACTION

50.    Plaintiff repeats and re-alleges paragraphs 1 through 49 as if each is repeated
verbatim herein.

51.    In terminating Plaintiff's employment because of his race, defendant's agents acted with
malice and or reckless indifference, thus violated plaintiff contract relationship with the
firm, therefore, defendant's agents tortiously interfered with contractual relationship.


**WHEREFORE,** Plaintiff prays for a judgment and order of this court:

**Under the Title VII of the Civil Rights Act of 1964, as amended,  42 U.S.C. §2000e et
seq. and Civil Rights Act of 1866, as amended,  42 U.S.C. §1981 :**

9

i.      an order granting Plaintiff back pay, front pay, reinstatement to his former position , reimbursement for fringe benefits, bonuses and other appropriate relief to redress the discriminatory practices complained of herein, in the amount to be proved at trial and in accordance with proof;

ii      ordering defendant to pay Plaintiff an amount not less than $2,000,000.00 (two million Dollars) as compensatory damages for hostile work environment, humiliation, embarrassment, emotional distress and mental anguish;

iii     an order enjoining defendant and its agents from committing or allowing future discrimination against Plaintiff and other blacks;

iv      awarding Plaintiff punitive damages in an amount not less than $10,000,000.00 (ten million Dollars).

v       awarding attorney's fees, costs and disbursement of this action;

vi      that the Court order such other equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein;

vii     awarding such other relief as the Court may deem just and proper.


**under the New York State Executive Law §296 (Human Rights Law) and the New York City Administrative Code, §§ 8-107.1(a) et seq:**

i       declaring the acts and conduct complained of herein in violation of the New York State Human Rights Law;

ii      directing the Defendants to reinstate Plaintiff to his position prior to dismissal.

iii    enjoining and permanently restraining these violations and directing the

Defendants to take such actions as are necessary to ensure that the effects of these

unlawful employment practices are eliminated;

iv    enjoining the defendants and their managers or offices from committing or

allowing any discrimination against Plaintiff;

v    ordering the Defendants to pay Plaintiff the sum of Three Million Dollars

($3,000,000.00) in general and compensatory damages for pain and suffering,

humiliation, embarrassment, emotional distress and mental anguish;

vi    awarding Plaintiff back wages, front wages, deferred compensation, bonuses and

reasonable costs and disbursements of this action; and

vii    granting any other and further relief as the court deems necessary, Just and proper.

**under the New York City Administrative Code, §§ 8-107.1(a) et seq. Only;**

i    awarding Plaintiff Ten Million Dollars ($10,000,000.00) in punitive damages.

**Under the cause of action for Tortious Interference with Contractual relations only;**

awarding Plaintiff such damages as may be proved at trial, including back pay, front pay,

compensatory damages and punitive damages as well as costs and disbursement of this action

Dated: Brooklyn, New York
        April 11, 2005

Respectfully Submitted,

GARY N. RAWLINS, ESQ.


By:        ____/s/____
           Chidi Eze, Esq. Of counsel (CE 4333).
           Attorney for Plaintiff
           310 Livingston Street
           Brooklyn, New York 11217
           (718) 643 8800- direct line

12