Davis v. Kirkpatrick & Lockhart L.L.P.                                                                                         Doc. 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

JAMAL **DAVIS,**

                                                                                                                       04 CV 9195 (RPP)

                                                     Plaintiff,

        -against-

**KIRKPATRICK & LOCKHART LLP,**

                                                     Defendant.
---------------------------------------------------------------------x

## **DEFENDANT'S OPPOSITION TO<br>PLAINTIFF'S MOTION TO COMPEL**

Plaintiff's June 22nd motion to compel defendant Kirkpatrick & Lockhart LLP ["K&L"] to produce all documents it has concerning other K&L associates (besides plaintiff) and to answer further interrogatories is baseless and should be denied.

### **as to the interrogatories**

At the conference with the Court on June 29th, the Court sustained K&L's objections to the interrogatories at issue since those interrogatories impermissibly seek information not permissible at this time under SDNY Local Civil Rule 33.3. Thus this part of the motion has already been decided and is moot.

### **as to the documents**

As explained at the June 29 conference, K&L has already produced or offered to produce the only pertinent types of documents sought here, i.e. those regarding the salaries, promotions or advancements, and performance evaluations, as well as the hours billed, of the other associates in K&L's corporate practice group in New York ["the Corporate Group"] for the period when plaintiff was employed at K&L. K&L has objected, and objects, to production of documents

Dockets.Justia.com

concerning undeniably irrelevant personal information (e.g. medical history, family matters, etc.) for those associates, and information as to other attorneys whose conduct is not at issue in this action  At the conference, the Court endorsed that approach and, we understood, considered this portion of the motion also to have been  disposed of and resolved in that manner.  Plaintiff has nevertheless insisted on this response.[1]

As the Court is aware, plaintiff (a former associate in K&L's Corporate Group) contends in this action that he was discriminated against by K&L because of his race.  Specifically, plaintiff contends that he was treated and paid unfairly in comparison to the other associates in the Corporate Group, and ultimately fired for racial reasons.  K&L denies those allegations, and has pointed out that plaintiff was not discriminated against, but rather treated like all associates in the Corporate Group.  Plaintiff's employment was terminated for business and performance reasons, and only that.  For example, his performance reviews were not positive, his hours were below those of others in the group, and the quality of his work was sub-standard.  Plaintiff was well-liked as a person, but simply not up to the level of performance to be advanced and kept at the firm.

Plaintiff wishes to contest this fact,  based on suspicion and conjecture.  But, to the contrary, the evidence (including that which K&L has produced and offered to produce) shows that plaintiff simply did not perform as reasonably expected, particularly when compared with others in the Corporate Group. That was not a matter of race.  Indeed, several other attorneys in the Corporate Group are members of racial or other minority groups; and one of the minority associates had been made a partner of the firm.

---

[1]  The Court also directed plaintiff's counsel to refrain from making discovery motions such as this and, in the future, to attempt to work out such discovery disagreements.  K&L again offered to resolve the parties' disagreement as it had proposed *prior to* the conference by producing the salary, promotion/advancement,

K&L has acted in good faith throughout this matter, both before and during this action. K&L and its Chief Diversity Officer investigated plaintiff's contentions and found them baseless. Throughout this action, K&L has patiently and responsibly responded to plaintiff's discovery demands, despite the fact that some have had no reasonable relation to plaintiff's allegations. K&L has not burdened the Court with those matters.

K&L has drawn the line only at purely personal information (of the type noted above) and information about other attorneys who were not even in the Corporate Group, much less when plaintiff was. K&L respectfully submits that that is reasonable, and that what it has offered to produce should suffice. We believe that the Court agreed at the June 29 conference.

### conclusion

For these reasons, K&L respectfully requests that the Court deny plaintiff's motion on the understanding that, as offered, K&L will produce its documents relating to the salaries, promotions and advancements (if any), and performance evaluations of the associates who worked in the same Corporate Group as plaintiff, as well as the hours billed by all attorneys in that group at the time.

Dated: July 7, 2005

Respectfully submitted,

POLLACK & KAMINSKY

By:   /s/ Martin I. Kaminsky
        Martin I. Kaminsky (MK 3033)
        Justin Y.K. Chu (JC 7810)
114 West 47th Street
New York, New York 10036
     Tel. (212) 575-4700
     Fax  (212) 675-6560
Attorneys for Defendant

---

performance evaluation and hours billed referred to above. Yesterday, plaintiff's counsel advised us that plaintiff refuses to accept such a resolution and insists that K&L now respond to plaintiff's motion.