UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

JAMAL **DAVIS**,

                                                                                                                             04 CV 9195 (RPP)

                                                                 Plaintiff,

                                                                                                       **ANSWER TO**
               -against-                                   **AMENDED COMPLAINT**

**KIRKPATRICK & LOCKHART LLP**,

                                              Defendant.
-------------------------------------------------------------------x

       Defendant Kirkpatrick & Lockhart LLP (renamed Kirkpatrick & Lockhart Nicholson Graham LLP effective January 1, 2005) ["K&L"] responds to the Amended Complaint[1] ["Complaint"] of plaintiff Jamal Davis as follows:

       1. Denies paragraph 1, except admits that plaintiff purports to bring this action under the statutes cited therein for alleged employment discrimination and under the common law for tortious interference with contractual relations.

       2. Denies paragraph 2, except admits that plaintiff seeks the relief stated therein.

       3. Denies paragraph 3, and declines to respond to matters of law.

       4. Denies paragraph 4, and declines to respond to matters of law.

       5. Denies paragraph 5, except admits that K&L conducts business in the Southern District of New York and that events relating to plaintiff's employment by K&L occurred in this District, and declines to respond to matters of law.

       6. Denies paragraph 6, except admits that plaintiff is over 18 years of age, black and a male; further admits that plaintiff resided in the County, City and State of New York during his

employment at K&L; further admits that plaintiff was employed by K&L from June 2000 to May 2003; and declines to responds to matters of law.

7. Denies paragraph 7, except admits that K&L is and was authorized to do business in New York and has an office in New York City, located at 599 Lexington Avenue, New York, NY 10022.

8. Denies paragraph 8, except admits that K&L employs more than 500 lawyers who are located in its various offices in the United States and also in the United Kingdom, including an office in New York City with approximately 90 lawyers, and declines to respond to matters of law.  By way of further response, K&L does not employ more than 500 employees in New York.

9. Denies paragraph 9, and declines to respond to matters of law.

10. Denies knowledge and information sufficient to respond to paragraph 10, except declines to respond to matters of law.

11. Denies knowledge or information sufficient to respond to paragraph 11, except declines to respond to matters of law.

12. Denies knowledge or information sufficient to respond to paragraph 12, except declines to respond to matters of law; and further responds that there is no attachment to the Complaint.

13. Denies paragraph 13, except admits that plaintiff is a black African-American male, and that he was hired by K&L in June 2000 as an associate attorney.

14. Denies paragraph 14, except admits that K&L believed that plaintiff was qualified for employment when he was hired.

15. Denies paragraph 15.

---

[1] The Amended Complaint is dated April 11, 2005; it was not served on defense counsel, and not filed electronically until July 1, 2005.

16. Denies paragraph 16.

17. Denies paragraph 17.

18. Denies paragraph 18, except admits that K&L hired employees of various races, national origins and religions and of both genders before, during, and after plaintiff's employment at K&L, without regard to such factors.

19. Denies paragraph 19.

20. Denies paragraph 20.

21. Denies paragraph 21.

22. Denies paragraph 22.

23. Denies paragraph 23.

24. Denies paragraph 24.

25. Denies knowledge or information sufficient to respond to paragraph 25.

26. Denies paragraph 26.

27. Denies paragraph 27.

28. Repeats its responses to the paragraphs re-alleged in paragraph 28.

29. Denies paragraph 29.

30. Repeats its responses to the paragraphs re-alleged in paragraph 30.

31. Denies paragraph 31.

32. Repeats its responses to the paragraphs re-alleged in paragraph 32.

33. Denies paragraph 33.

34. Repeats its responses to the paragraphs re-alleged in paragraph 34.

35. Denies paragraph 35.

36. Repeats its responses to the paragraphs re-alleged in paragraph 36.

37. Denies paragraph 37.

38. Repeats its responses to the paragraphs re-alleged in paragraph 38.

39. Denies paragraph 39.

40. Repeats its responses to the paragraphs re-alleged in paragraph 40.

41. Denies paragraph 41.

42. Repeats its responses to the paragraphs re-alleged in paragraph 42.

43. Denies paragraph 43.

44. Repeats its responses to the paragraphs re-alleged in paragraph 44.

45. Denies paragraph 45.

46. Repeats its responses to the paragraphs re-alleged in paragraph 46.

47. Denies paragraph 47.

48. Repeats its responses to the paragraphs re-alleged in paragraph 48.

49. Denies paragraph 49.

50. Repeats its responses to the paragraphs re-alleged in paragraph 50.

51. Denies paragraph 49.

### FIRST AFFIRMATIVE DEFENSE

52. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

53. K&L has an established, well-known, publicized and enforced policy against unlawful discrimination, including discrimination based upon a person's race, color or national origin. K&L had and has employees who are members of racial minorities, including persons of

African lineage, and had and has such employees in the same position as plaintiff previously held. K&L adhered to its anti-discrimination policy in its dealings with and about plaintiff.

### THIRD AFFIRMATIVE DEFENSE

54. K&L is committed to the goal of diversity in its workplace. In furtherance of that goal, K&L was one of the first if not the first law firm to retain amongst its chief officers a full-time Chief Diversity Officer, Carl G. Cooper, Esq.; has made clear its commitment to a diverse workplace through its diversity initiative; and has a long-standing policy against unlawful discrimination of any kind. The firm seeks to promote and not discourage diversity. Consistent with these firm goals and policies, the decision to terminate plaintiff's employment was related to his unsatisfactory job performance and not to his race, color or national origin as alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

55. Plaintiff was terminated for legitimate non-discriminatory business reasons. Plaintiff failed to perform at the level required for the position for which he was hired and/or was unqualified for that position.

### FIFTH AFFIRMATIVE DEFENSE

56. K&L acted, at all times, in good faith vis-à-vis plaintiff, and without any intent to harm or injure plaintiff or otherwise to treat plaintiff in any improper manner.

## SIXTH AFFIRMATIVE DEFENSE

57. Plaintiff has improperly failed to mitigate his alleged damages.

**WHEREFORE**, defendant respectfully request judgment in its favor:

1. dismissing the Complaint;

2. awarding it the costs and disbursements of this action; and

3. awarding it such other and further relief as the Court may deem just and proper.

Dated: July 15, 2005
New York, New York

POLLACK & KAMINSKY

By:   /s/ Martin I. Kaminsky
        Martin I. Kaminsky (MK 3033)
        Justin Y.K. Chu (JC 7810)
114 West 47th Street
New York, New York 10036
        Tel. (212) 575-4700
        Fax  (212) 675-6560
Attorneys for Defendant